**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARAH PEREZ; et. al.,

　　　　　Plaintiffs - Appellants,

　v.

STATE FARM AUTOMOBILE
INSURANCE COMPANY; et al.,

　　　　　Defendants - Appellees.

No. 09-16745

D.C. No. 5:06-cv-01962-JW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted June 17, 2010
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and STOTLER, Senior
District Judge.[**]

　　　Plaintiffs appeal from the district court's dismissal of this diversity action as

an impermissible challenge to state-approved insurance rates. We have jurisdiction

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　[**]　　The Honorable Alicemarie H. Stotler, Senior United States District
Judge for the Central District of California, sitting by designation.

pursuant to 28 U.S.C. § 1291, and reverse.

## I.

Plaintiff Sarah Perez and other California automobile insurance policy holders (collectively, "plaintiffs") allege that defendant automobile insurance companies, the Certified Automotive Parts Association, and unnamed others (collectively, "defendants") unlawfully conspired to provide policyholders with inferior replacement crash parts in violation of California's Cartwright Act and Unfair Competition Law. Plaintiffs argue on appeal that California Insurance Code § 1861.03 authorizes antitrust and unfair competition cases against insurance companies and that the district court erred by holding that plaintiffs' claims were barred because they fall under the exclusive jurisdiction of the Insurance Commissioner's rate-making authority.

California Insurance Code § 1861.03(a) provides that the "business of insurance" is subject to the Cartwright Act and Unfair Competition Law. Although §§ 1860.1 and 1860.2 bar claims that challenge an approved rate by the Insurance Commissioner, *Walker v. Allstate Indem. Co.*, 92 Cal. Rptr. 2d 132, 135 (Ct. App. 2000), the Commissioner's review of "the economic reasonableness of the prices" does not prevent antitrust claims alleging that "the prices were in fact artificially maintained at a uniform level, whether 'reasonable' or not." *See Cellular Plus,*

2

*Inc. v. Superior Court*, 18 Cal. Rptr. 2d 308, 320-21 (Ct. App. 1993); *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979 (9th Cir. 2000). Section 1861.05(a) provides that the Commissioner does not consider anticompetitive forces that might influence the rate structure: "[i]n considering whether a rate is excessive, inadequate or unfairly discriminatory, no consideration shall be given to the degree of competition . . . ." Cal. Ins. Code § 1861.05(a). Because courts have the "primary, if not exclusive, jurisdiction over antitrust causes of action," *Cellular Plus*, 18 Cal. Rptr. 2d at 322, the district court erred in dismissing plaintiffs' claims on the grounds that they impermissibly challenge state-approved insurance rates.

## II.

The district court did not reach the question of whether plaintiffs' Second Amended Complaint is sufficiently pleaded, and we decline to rule on the issue here. We emphasize that neither our prior disposition nor our decision today should be construed as offering any view on whether plaintiffs state a cognizable claim. Contrary to plaintiffs' assertions before this court, our prior disposition does not stand for the proposition that plaintiffs have asserted a valid antitrust claim. Instead, we merely held that plaintiffs' alleged overcharges are sufficient to confer standing. *Perez v. State Farm Mut. Auto. Ins. Co.*, 319 F. App'x 615, 617 (9th Cir. 2009). Today, we hold that antitrust claims that produce overcharges do

3

not fall under the Insurance Commissioner's exclusive rate-making authority. Neither decision addresses whether plaintiffs state cognizable antitrust or unfair competition claims.

Whether or not plaintiffs state a cognizable claim under the applicable pleading standards is for the district court to decide in the first instance. We note that the operative complaint predated *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and plaintiffs may wish to amend their complaint in light of those cases. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

### III.

Plaintiffs' request for reassignment is denied. The district court's previous decisions granting dismissal were well-reasoned, and the record does not support plaintiffs' assertion that "the appearance of justice" calls for reassignment. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1133 (9th Cir. 2008).

**REVERSED AND REMANDED**.